IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**RAY JUSTIS,**

        **Petitioner,**

v.                                                      Case No. 2:16-cv-05199

**KAREN PSZCZOLKOWSKI, Warden,**
**Northern Correctional Facility,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court is Petitioner's "Motion for Stay of Abeyance [*sic*]," (ECF No. 2), wherein he requests that this court "hold his rights, under [28 U.S.C. §] 2254 … in abeyance" until he has exhausted his state court remedies. This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that Petitioner is not entitled to a stay and, therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's request for a stay and abeyance be **DENIED**.

**I.**    **Procedural History**

On February 20, 2008, Petitioner Ray Justis ("Petitioner") was convicted by a jury of felony daytime burglary, misdemeanor domestic battery, and misdemeanor battery. *State v. Justis*, No. 101539, slip op. at 1 (W. Va. June 15, 2011). On February 22, 2008, the prosecution filed a recidivist information pursuant West Virginia Code § 61-11-19, which

1

indicated that Petitioner had been previously convicted of three felony offenses. *Id.* On October 20, 2008, a jury determined that Petitioner was indeed the person who had committed the prior felonies listed in the information. *Id.* at 1-2. Consequently, the trial court sentenced Petitioner to life imprisonment for the felony daytime burglary conviction, pursuant to West Virginia Code § 61-11-18(c). *Id.* at 2. The trial court's final order was entered in Petitioner's case on February 3, 2009.[1]

Petitioner filed his notice of intent to appeal with the trial court on February 17, 2009. The trial court subsequently extended Petitioner's time to file an appeal with the Supreme Court of Appeals of West Virginia ("WVSCA") to July 15, 2009. On May 18, 2010, Petitioner was resentenced by the trial court, and on September 20, 2010, the trial court granted Petitioner until November 18, 2010 to file his appeal with the WVSCA.[2] Petitioner subsequently filed his petition to appeal in the WVSCA on November 18, 2010. On June 15, 2011, the WVSCA issued a memorandum decision denying Petitioner's appeal on the merits. *Id.* at 2.

According to Petitioner, on September 21, 2011, he filed a state habeas corpus petition in the Circuit Court of Kanawha County. (ECF No. 2 at 2). Petitioner was

---

[1] The undersigned's staff obtained a copy of the docket sheet for the underlying criminal case by contacting the Kanawha County Circuit Clerk's Office. Many of the dates referenced herein are taken from that docket sheet.

[2] "West Virginia courts occasionally resentence defendants in order to afford them an additional four months to file a direct appeal." *Harper v. Ballard*, No. 3:12-00653, 2013 WL 285412, at *4 (S.D.W.Va. Jan. 24, 2013). In *Harper*, this court found that a resentencing for the purpose of permitting a criminal defendant to file a direct appeal to the WVSCA restarted the one-year statute of limitations contained in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* at *4-*6 (relying heavily on *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009)); *see also Daniels v. Waid*, No. 2:09-cv-00244, 2011 WL 1043490, at *2-*3 (S.D.W.Va. Mar. 18, 2011) (noting that resentencing may reopen right to direct review within meaning of AEDPA's statute of limitations); *Horn v. Ballard*, No. 1:07-00503, 2009 WL 914879, at *2 (S.D.W.Va. Mar. 31, 2009) (recognizing that "reinstatement" of right to direct appeal through resentencing procedure rendered § 2254 petition timely). It is unclear whether that was the sole purpose for the resentencing in Petitioner's case.

2

appointed counsel to represent him during the state habeas proceedings. (*Id.*) On March 31, 2015, Petitioner's state habeas petition was denied by the circuit court. (ECF No. 2-2). On April 24, 2015, Petitioner's state habeas counsel filed a notice of appeal with the WVSCA challenging that decision. (ECF No. 2-3).

On May 15, 2015, Petitioner filed his first "Motion for Stay of Abeyance [*sic*]" in this court, requesting that the court "hold his Rights, under [28 U.S.C. §] 2254 ... in abeyance" until he had exhausted his state court remedies. *See Justis v. Pszczolkowski*, Case No. 2:15-cv-06420 (S.D.W. Va. May 15, 2015). On September 11, 2105, the undersigned filed a Proposed Findings and Recommendation ("PF&R"), recommending that the "Motion for Stay of Abeyance" be denied for two reasons. (*Id.* at ECF No. 3). First, Petitioner had failed to file a habeas petition in federal court. Therefore, there was no federal habeas proceeding to stay. Second, Petitioner's state habeas proceeding was pending; accordingly, the one-year statute of limitations for filing a federal habeas action under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was tolled. As Petitioner had only used **seven days** of the one-year period, and the statute of limitations was tolled, the factual circumstances did not warrant a stay. Petitioner did not object to the findings or recommendation, so on October 2, 2015, the presiding District Judge adopted the PF&R and dismissed the civil action. (ECF No. 1 at 1).

On April 15, 2016, the WVSCA issued a Memorandum Decision affirming the state circuit court's denial of Petitioner's habeas petition. (ECF No. 2-5 at 3-8). Although Petitioner did not produce a copy of the mandate, Rule 26 of the West Virginia Rules of Appellate Procedure provides that a mandate will issue "as soon as practicable after the passage of thirty days from the date the opinion or memorandum decision is released, unless the time is shortened or enlarged by order." W. Va. R. App. P. 26. As such, the

mandate in Petitioner's appeal was likely issued no earlier than May 16, 2016. On May 19, 2016, Petitioner filed a second habeas petition in the Circuit Court of Kanawha County, asserting ineffective assistance of habeas counsel. (ECF No. 2-1).

On May 31, 2016, the Clerk of this court received another "Motion for Stay of Abeyance," which triggered the opening of this civil action. (ECF No. 1). In the motion, Petitioner explained that he had lost his state habeas case and had filed a new state habeas petition alleging errors on the part of his post-conviction counsel. Petitioner asked the court to "hold his rights, under [28 U.S.C. §] 2254 … in abeyance" until he exhausts his state court remedies. (ECF No. 2). However, Petitioner once again failed to file in this court a petition for a writ of habeas corpus. Petitioner also failed to pay the five-dollar filing fee, or submit an Application to Proceed Without Prepayment of Fees and Costs.

Consequently, on August 1, 2016, the undersigned entered an Order directing Petitioner to either pay the filing fee or submit an *in forma pauperis* application. (ECF No. 5). Petitioner was further instructed to submit a completed petition for a writ of habeas corpus under 28 U.S.C. § 2254 and advise the court of the status of his second state habeas petition. Petitioner was given until September 16, 2016 to complete these tasks, and the Clerk supplied him with all of the necessary forms. (*Id.*). According to the docket sheet, Petitioner received the court's order.

On August 25, 2016, Petitioner paid the filing fee. (ECF No. 6). However, he did not submit a completed petition for a writ of habeas corpus under 28 U.S.C. § 2254, nor did he advise the court of the status of his state habeas petition. September 16, 2016 came and went without any further communication from Petitioner. Therefore, on September 19, 2016, the undersigned issued a second Order, reiterating to Petitioner that until he filed a federal habeas petition, there was no proceeding to stay. (ECF No. 7 at 1). In

addition, Petitioner was advised that the claim he was pursuing in state court—that being, ineffective assistance of habeas counsel—was not a cognizable claim under § 2254. Consequently, there was no reason to delay the federal proceeding. (*Id.* at 2). Petitioner was given until October 21, 2016 to file a petition for habeas relief under § 2254. Although the docket sheet suggests that Petitioner received the second order, as of this date, Petitioner has failed to comply with the court's order.

## II.  Discussion

Petitioner filed the "Motion for Stay of Abeyance [*sic*]" prior to filing a § 2254 petition in this court. Despite having twice been told that his motion cannot be granted as no petition has been filed, Petitioner offers no explanation for his refusal to supply a petition. He simply ignores the court's orders. (ECF No. 1 at 2). In the absence of a petition that substantially complies with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court, there is no proceeding to stay in this court and no federal habeas action to hold in abeyance. *See Blain v. Hartley*, No. SACV 08-1375-RGK, 2009 WL 86662, at *1 n.2 (C.D. Cal. Jan. 12, 2009) ("Without a cognizable petition, however, there is no proceeding to stay").

Furthermore, Petitioner has not offered any reason, let alone good cause, for granting him a stay. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that stay and abeyance is only appropriate where, among other requirements, good cause exists). To the extent that Petitioner may be concerned that a future § 2254 petition will be untimely, the need for such a worry is not apparent at this juncture. As previously stated, the AEDPA contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

5

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Petitioner's direct appeal of his recidivist conviction and sentence was denied by the WVSCA on June 15, 2011. He then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13(1). Petitioner did not seek such a writ, and thus, one day after the ninety days had passed, on September 14, 2011, Petitioner's judgment became final, and the AEDPA's one-year statute of limitations

began to run. Petitioner filed a petition for a writ of habeas corpus in the state court on September 21, 2011, which tolled the time for him to file a federal habeas petition. 28 U.S.C. § 2244(d)(2). At that point, only seven of the 365 days allowed had passed. The state circuit court denied Petitioner's request for relief, and the WVSCA affirmed that judgment by memorandum decision on April 15, 2016. The WVSCA's judgment was not final until it issued a mandate, which probably occurred, at the earliest, thirty-one days after the memorandum decision was filed, or May 16, 2016. Petitioner filed his second state habeas action on May 19, 2016, a mere three days later. Assuming that Petitioner's second state habeas petition was properly filed,[3] then the AEDPA's one-year limitation period has been tolled since its filing. *See Samples v. Ballard*, No. 2:13-CV-11638, 2014 WL 1342312, at *8–11 (S.D.W. Va. Mar. 31, 2014) (holding that "all proceedings properly filed under W. Va.Code § 534A1, *et seq.,* West Virginia's Post–Conviction Habeas Corpus Rules, are considered 'collateral review' for purposes of tolling the one-year limitation," including second state habeas petitions alleging ineffective assistance of post-conviction counsel). Therefore, Petitioner is not facing a time-bar hardship sufficient to warrant a stay of any future § 2254 proceeding.

In summary, there is no federal habeas proceeding to stay. The attachments to the Motion for Stay of Abeyance, while somewhat informative, do not constitute a petition for habeas relief under § 2254; particularly, as they largely address Petitioner's dissatisfaction with his post-conviction counsel—claims that are not cognizable in this court. Even if the attachments could be construed as a petition, nothing about them clarifies precisely what grounds and supporting facts Petitioner intends to assert in his

---

[3] The court is unable to make this determination as Petitioner failed to comply with the court's order requiring him to provide a status update of the second state habeas petition.

federal habeas action. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (internal citations omitted). Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994); *see, also, Sanford v. Bottoms,* No. 13-cv-83, 2013 WL 4042903, at *2 (E.D. Ky. Aug. 7, 2013).

Finally, Petitioner filed both of his state habeas petitions shortly after the one-year limitations period began to run. His ongoing state habeas proceedings may presently toll the AEDPA's statute of limitations. Bearing in mind that the practice of staying a § 2254 proceeding should be done infrequently and only for good cause, the undersigned **FINDS** no basis upon which to recommend a stay for a § 2254 proceeding that may or may not be initiated by Petitioner in the future. *See Kanode v. Waid*, No. 1:08-1113, 2011 WL 2633645, at *1 (S.D.W. Va. July 5, 2011).

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that that Petitioner's "Motion for Stay of Abeyance," (ECF No. 2), be **DENIED**, and that this action be **DISMISSED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** October 31, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge